**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

Ronald Fenn,

      Plaintiff,

v.                                                                   Civ. No. 2:21-cv-01089 MIS/CG

City Commission of
Truth or Consequences,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Remand, filed on November 30, 2021. ECF No. 10. Defendant responded on December 14, 2021. ECF No. 12. Plaintiff replied on December 23, 2021. ECF No. 13. Having considered the parties' submissions, the record, and the relevant law, the Court will grant the Motion. Plaintiff's Motion contains a request to voluntarily dismiss all federal claims. Pursuant to Federal Rule of Civil Procedure 41(a)(2), the Court will dismiss Plaintiff's federal claims and remand the remaining state law claims to state court.

## BACKGROUND

Plaintiff, proceeding pro se, filed suit in New Mexico state court on October 12, 2021, purporting to bring state law claims and federal constitutional claims under 42 U.S.C. § 1983. ECF No. 1-1. From the face of the Complaint, and Defendant's explanation in its Motion to Dismiss, it appears that the crux of Plaintiff's discontent arises from his displeasure with a new regulation in the City of Truth or Consequences that requires residents to allow the installation of smart-meter technology on their property. *See id.*; ECF No. 7 at 3–4. Because Plaintiff refuses to allow such installation, he faces a

$50 monthly fine. *Id.* Plaintiff claims the fine violates due process, under the New Mexico

Constitution and the United States Constitution. *See* ECF No. 1-1. Due to the presence

of the federal constitutional claims, Defendant removed the case to federal court on

November 10, 2021, and thereafter filed a Motion to Dismiss on November 17, 2021. ECF

Nos. 1, 6. In lieu of a response to the Motion to Dismiss, Plaintiff filed a Motion to Remand.

ECF No. 10.

At first glance, Plaintiff's Motion to Remand appears to argue that there is no

subject-matter jurisdiction in this case; and therefore, the case should be remanded. ECF

No. 10 at 1, 3 (quoting 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it

appears that the district court lacks subject matter jurisdiction, the case *shall* be

remanded"). Plaintiff admits that Defendant's removal was timely. *Id.*[1] However, a closer

reading of the Motion, and a thorough review of the briefing on the Motion, reveal that

Plaintiff wishes to dismiss his federal constitutional claims under Federal Rule of Civil

Procedure 41(a)(2). *See* ECF No. 10 at 2 (Plaintiff arguing that the federal statute was

"secondary and ancillary" to the primary issues in his Complaint and seeking to "dismiss"

the parts of his Complaint that reference federal cases); ECF No. 12 at 4 (Defendant

suggesting that the Court may choose "to treat Plaintiff's Motion as some type of voluntary

---

[1] For the sake of thoroughness, the Court notes that it has subject-matter jurisdiction in this case. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Here, Plaintiff's Complaint purports to raise due process claims under the federal civil rights statute, 42 U.S.C. § 1983. *See id.* at 1, 9 (title of Complaint includes the language "violation of civil rights under 42 U.S.C. § 1983"). Yet, Plaintiff's Motion to Remand appears to argue that there is no subject-matter jurisdiction in this case; and therefore, the case must be remanded. ECF No. 10 at 1, 3. Such argument is meritless. The Court has federal question, subject-matter jurisdiction over the federal constitutional claims raised in Plaintiff's original Complaint.

dismissal of his case under Fed. R. Civ. P. 41"); ECF No. 13 at 3 (Plaintiff reiterating that he wishes to "drop" his federal claims).

Therefore, given Plaintiff's stated intent and the liberal construction courts provide to unrepresented parties, *see Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992), the Court will construe Plaintiff's Motion to Remand as a request to voluntarily dismiss his federal claims under Rule 41(a)(2) and remand the remaining state law claims to state court. Defendant opposes Plaintiff's request to voluntarily dismiss his federal claims. ECF No. 12 at 4. Defendant asks the Court to deny the request and rule on its Motion to Dismiss. *Id.* at 1–4. In the alternative, Defendant asks the Court to award fees and costs. *Id.* at 4–7.

## LEGAL STANDARD

Rule 41(a)(2) governs voluntary dismissals after the opposing party has filed a responsive pleading. Once a defendant has filed a responsive pleading, as Defendant has done here, a plaintiff may voluntarily dismiss an action only upon order of the court. Fed. R. Civ. P. 41(a)(2). The Tenth Circuit has articulated a four-factor test for district courts to use in determining when the defendant will be "legally prejudiced" such that voluntary dismissal should not be allowed. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Id.* In assessing whether there is "legal prejudice," district courts should consider the following relevant factors: 1) the opposing party's effort and expense in preparing for trial; 2) excessive delay and lack of due diligence on the part of the movant; 3) insufficient explanation of the need for a dismissal; and 4) the present stage of the litigation. *Id.* (citing *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th

Cir. 1996)). "Each factor need not be resolved in favor of the moving party for dismissal to be appropriate, nor need each factor be resolved in favor of the opposing party for denial of the motion to be proper." *Id.* The central issue "is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (citations omitted). Additionally, it is important to note that "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved." *Am. Nat. Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

## DISCUSSION

Applying the factors to the present case, the Court finds that each factor weighs in favor of granting the Motion. The litigation is still at a very early stage. The parties have engaged in no formal discovery or even attended a scheduling conference, so Defendant's effort and expense in preparing for trial will have been minimal. The first and fourth factors thus clearly weigh in favor of granting the dismissal. Moreover, nothing indicates that Plaintiff has demonstrated a lack of due diligence or caused excessive delay. Defendant filed its Notice of Removal on November 10, 2021, and its Motion to Dismiss on November 17, 2021. Plaintiff is proceeding pro se, but nevertheless filed his Motion to Remand on November 30, 2021, thirteen days after Defendant's Motion to Dismiss. Thus, the second factor weighs in favor of granting dismissal of the federal claims. Finally, Plaintiff has provided a sufficient explanation for the requested dismissal, and the circumstances of the case support his request. Everyone relevant to the case is local to Truth or Consequences, and no federal claim need be involved because he simply

no longer wishes to pursue his federal claims. Thus, the third factor weighs in favor of granting dismissal of the federal claims.

Clearly, then, along with the initial presumption in favor of permitting voluntary dismissal, the Rule 41(a)(2) factors all weigh in favor of allowing Plaintiff to end the litigation in this Court. Therefore, the Court will grant Plaintiff's request for voluntary dismissal of his federal claims. Defendant correctly observes that dismissal of Plaintiff's federal claims does not divest the Court of jurisdiction. ECF No. 12 at 4. The Court acknowledges that it has discretion to exercise its supplemental jurisdiction to adjudicate the claims pending before it in this case because it was properly removed. *See* 28 U.S.C. § 1367(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009). However, the Court declines to exercise supplemental jurisdiction over the state law claims in this case and will instead remand them to state court.

Rule 41(a)(2) permits the Court to dismiss Plaintiff's federal claims "on terms that the court considers proper." Given the circumstances of this case, the Court finds it proper to dismiss Plaintiff's federal claims, remand the state law claims to state court, and deny Defendant's request for an award of fees and costs. The Court, in its discretion, does not find an award of fees and costs appropriate given the circumstances of the case here. Without counsel, Plaintiff filed an action in state court complaining about a $50 monthly fine. In response, Defendant chose to remove the case to federal court. Moreover, once in federal court, Plaintiff did not engage in any tactics to cause excessive delay or otherwise seek to drive up Defendant's costs. Given the stage of the litigation, Defendant's efforts and expenses in federal court have been minimal. Of course, on the face of Plaintiff's Complaint, Defendant was legally permitted to remove the case to

federal court. However, Defendant was not compelled to do so, and the Court does not see any unfairness in requiring each party to bear its own fees and costs in this matter.

## CONCLUSION

In sum, the Court finds it proper to allow Plaintiff to voluntarily dismiss his federal claims under Fed. R. Civ. P. 41(a)(2). The Court also finds it proper to remand the remaining state law claims to state court and deny Defendant's request for an award of fees and costs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand, ECF No. 10, is **GRANTED** for the reasons stated herein. Plaintiff's federal claims, brought under 42 U.S.C. § 1983, are hereby dismissed, and this action is **REMANDED** to the Seventh Judicial District Court, County of Sierra, State of New Mexico. The Clerk of Court is directed to take the necessary actions to remand the case.

**IT IS FURTHER ORDERED** that Defendant's request for fees and costs is **DENIED**. The parties will bear their own costs.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, ECF No. 6, is **FOUND AS MOOT**.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
**UNITED STATES DISTRICT JUDGE**